CHRISTOPHER A. BARDENHAGEN, APPELLANT, v. CROSSMAN COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 28, 1925—Decided October 19, 1925.

Where plaintiff, for his own convenience, in the execution of his employer's business, and not in anywise connected with the business of the defendant, crossed over a scow, in the process of being loaded, for the purpose of using a telephone, knowing that it was the custom that "everybody look out for themselves," and was injured: *Held*, that the plaintiff accepted the privilege accorded to him, with the assumption of the incidental hazard, and a nonsuit was proper.

On appeal from the Supreme Court.

For the appellant, *John E. Toolan.*

For the respondent, *Thomas Brown.*

The opinion of the court was delivered by

MINTURN, J.   For over twenty years the plaintiff had been a master or captain of the "Tice Towing Company," whose title indicates the character of its employment.   He was directed by his company to proceed with his tugboat at Sayreville, upon the Raritan river, where he was to tow a barge from the dock of the defendant company to the city of New York.   When he reached the dock, about ten o'clock in the morning, the barge was being loaded with sand, and the plaintiff tied his tug to the barge and proceeded to walk over the sand upon the boat for the purpose of reaching the defendant's office in order to telephone to his employer at New York for instructions.   The procedure adopted for loading the scow with the sand was to inject it through a shoot, and in order to make the load even the scow was moved up and down horizontally with the dock by means of a cable wound around a drum, and operated by an engine at the end of the dock.   While the plaintiff was about to step from the barge to the dock the cable which had been loose became taut, raised itself from the dock and struck the plaintiff upon the knee, knocking him backward upon the scow, where his head, in the fall, received the injuries which present the basis for this suit.   Upon this state of facts a motion to direct a verdict for the defendant prevailed, and, hence, this appeal.

The contention of the defendant was that it was under no duty to the plaintiff who occupied simply the legal status of a licensee to refrain from more than active, willful, wrongdoing.   *Phillips* v. *The Library Co., 55 N. J. L.* 307.

In support of this contention there was evidence that the plaintiff was not ignorant of the situation, but had frequently availed himself of the use of the telephone under similar circumstances.   That the use of the telephone by him was not in anywise connected with the business of the defendant, but was entirely for his own convenience, in the execution of

his employer's business. That the cable was a necessary and usual method of operation by defendant in the loading of the scow. That at times the operator would call out and at other times would wave his hand to indicate the movement of the cable to those in the immediate vicinity, and not to serve as a warning, and that everyone there employed was expected to look out for himself. That the plaintiff was not unaware of this procedure is manifest from his testimony, wherein he states that he had to look out for himself, for signals of warning; that he did not expect anybody to come over and tell him that the barge was going to move, and that he knew it was their custom that "everybody had to look out for themselves."

The situation thus depicted obviously places the plaintiff in the status of a mere licensee, who could legally expect from the defendant, under the well-settled rule, while engaged in the permissive use of defendant's property, nothing more than compliance with the obligation that it would refrain from acts willfully injurious to the plaintiff. *Fleckenstein* v. *Great Atlantic, &c., Co.*, 91 *N. J. L.* 145.

The defendant neither invited him to use the telephone, nor did it invite him to cross the barge under these conditions; *per contra*, he was aware of the *modus operandi* from his observation of the practice for many years, and he was conscious of the fact in his own language that "everybody had to look out for themselves."

In such a situation the legal rule is indubitable that he accepted the privilege accorded to him with the assumption of the incidental hazard.

The judgment of nonsuit will therefore be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, McGlennon, Kays, JJ. 14.

*For reversal*—None.